## CIRCUIT COURT OF FAIRFAX COUNTY

First Security National
Bank & Trust Co.

v.

Hameed Siragy

November 19, 1990

Case No. (Law) 098258

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on the motion of Hameed Siragy (respondent) by counsel, William Bradbury and Jeffrey Tuckfelt, to quash service of the garnishment summons upon Georgetown University (garnishee). The Court took the matter under advisement and now grants the defendant's motion.

The Court is of the opinion that service of the garnishment summons was defective. First, the information contained in the garnishment summons directed the deputy sheriff to serve either a "[m]anaging [o]fficer or [e]mployee" of the Evaluation Assistance Center of Georgetown University. In this respect, the directions were defective. Section 8.01-513 of the Code of Virginia provides that "if the person upon whom there is a suggestion of liability in § 8.01-511 is a corporation, the [garnishment] summons shall be served upon an officer, or managing employee of the corporation other than an officer of the corporation . . . ." Va. Code Ann. § 8.01-513 (1984). Additionally, the deputy sheriff's return is merely prima facie evidence of service on Gail Stack. The deputy sheriff did not indicate Gail Stack's position on the return of service.

Second, the respondent has offered evidence through the affidavit of J. Michael O'Malley, Director of the

Evaluation Assistance Center, that the graduate assistant, Gail Stack, possesses no supervisory responsibilities. Although the legislature provided no guidance on the meaning of "managing employee" in § 8.01-513, the use of "managing" perhaps suggests that the individual at a minimum must possess some authority or supervisory responsibilities. Va. Code Ann. § 8.01-513 (1984).

For the foregoing reasons, the respondent's motion to quash service of the garnishment summons upon Georgetown University is granted.